UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICIA A. McDONOUGH,                          :

               Plaintiff,                 :
                                                               ECF
       - against -                                :
                                                               07 Civ.
JPMORGAN CHASE BANK, N.A., successor            :
in interest to THE CHASE MANHATTAN BANK,        **ANSWER**
JPMORGAN CHASE & CO., JPMORGAN                  :
CHASE & CO. d/b/a JP MORGAN CHASE, N.A.,
                                                               :
               Defendants.                :
                                                                  :
------------------------------------------------------------X

       Defendants JPMorgan Chase Bank, N.A. (the "Bank"), successor in interest to The Chase Manhattan Bank, JPMorgan Chase & Co. ("JPMC"), JPMorgan Chase & Co. d/b/a JP Morgan Chase Bank, N.A., by their attorneys, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, as and for their Answer to Plaintiff's Complaint (the "Complaint"), asserts as follows:

## AS TO INTRODUCTION

       1.     The allegations set forth in Paragraph 1 of the Complaint constitute either argument or conclusions of law, as to all of which no response is required. To the extent a response is required, Defendants deny the truth of the allegations set forth therein, except aver that Plaintiff purports to seek relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the New York State Human Rights Law, New York Executive Law § 290 et seq., the New York City Human Rights Law, New York City Administrative Code § 8-101 et seq., and the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Defendants refer to the statutes cited therein and all other applicable statutes for the text and meaning thereof, and deny that Plaintiff is entitled to any remedy or relief pursuant to those statutes.

## AS TO PROCEDURAL REQUIREMENTS

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except aver that they received a copy of a Charge of Discrimination ("Charge") purportedly filed with the United States Equal Employment Opportunity Commission ("EEOC") on or about December 29, 2006, bearing Charge No. 520-2007-01187, and refer to the Charge for its content and meaning, and further aver that they received a copy of a Notice of Right to Sue ("Notice") on or around October 3, 2007, and refer to the Dismissal for its content and meaning.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, except admit that a copy of the Notice is annexed to the Complaint as Exhibit "A".

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

## AS TO PARTIES

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, except aver that JPMC's employment records indicate that Plaintiff's last known address was 429 East 52nd Street, New York, New York 10022.

6.  Deny the truth of the allegations set forth in Paragraph 6 of the Complaint, except admit that JPMorgan Chase Bank, N.A. employs more than twenty persons, and aver that

JPMorgan Chase Bank, N.A. is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

7. Deny the truth of the allegations set forth in Paragraph 7 of the Complaint, except admit that JPMorgan Chase Bank, N.A. is a successor in interest to Chase Manhattan Bank, and aver that JPMorgan Chase Bank, N.A. is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

8. Deny the truth of the allegations set forth in Paragraph 8 of the Complaint, except aver that JPMorgan Chase & Co. is a corporation organized under the laws of the State of Delaware, is authorized to do business in New York, and has a principal place of business located at 270 Park Avenue, New York, New York 10017.

9. Deny the truth of the allegations set forth in Paragraph 9 of the Complaint, except aver that JPMorgan Chase & Co. is a corporation organized under the laws of the State of Delaware, is authorized to do business in New York, and has a principal place of business located at 270 Park Avenue, New York, New York 10017.

10. Admit the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Admit the truth of the allegations set forth in Paragraph 11 of the Complaint.

## AS TO FACTS

12. Deny the truth of the allegations set forth in Paragraph 12 of the Complaint, except aver that JPMC's employment records indicate that Plaintiff's date of birth is April 8, 1935.

13. Upon information and belief, admit the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the truth of the allegations set forth in Paragraph 14 of the Complaint, except aver that Plaintiff was employed by JPMorgan Chase Bank, N.A. and its predecessors from August 22, 1994 through March 31, 2006.

15. Deny the truth of the allegations set forth in Paragraph 15 of the Complaint, except aver that JPMorgan Chase Bank was formed on or about November 10, 2001 as a result of the merger of Morgan Guaranty Trust Company of New York with and into Chase Manhattan Bank and that JPMorgan Chase Bank, National Association was formed on or about November 13, 2004 as a result of the merger of Bank One, National Association, Chicago, Illinois, and Bank One, National Association, Columbus, Ohio, with and into JPMorgan Chase Bank.

16. Deny the truth of the allegations set forth in Paragraph 16 of the Complaint, except admit that Plaintiff was employed by Chase Manhattan Bank (National Association), and its successors in interest, The Chase Manhattan Bank, JPMorgan Chase Bank, and JPMorgan Chase Bank, N.A., in a variety of positions, the last of which was Assistant Branch Manager.

17. Deny the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the truth of the allegations set forth in Paragraph 18 of the Complaint, except aver that Plaintiff, in discussions with her supervisors and Human Resources in 2006 regarding her employment with the Bank, told them that she did not yet qualify for Company-subsidized Retiree Medical Coverage that the Bank provided to employees who met the requirements for such coverage.

19. Deny the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the truth of the allegations set forth in Paragraph 20 of the Complaint, except aver that Plaintiff was informed prior to her resignation that she would qualify for

available retirement benefits (including Company-subsidized Retiree Medical Coverage) if her employment with the Bank continued until August 2009.

21.  Deny the truth of the allegations set forth in Paragraph 21 of the Complaint, except admit that in or about February and March, 2006, Plaintiff was informed that she no longer would be an Assistant Branch Manager, and was instead offered a position as a Personal Banker with compensation appropriate for that position, and aver that Plaintiff refused that position and then voluntarily resigned from her employment on about March 31, 2006.

22.  Deny the truth of the allegations set forth in Paragraph 22 of the Complaint, except admit that Plaintiff was qualified for the Assistant Branch Manager based on her education and work experience, and aver that Plaintiff's performance in the Assistant Branch Manager position was inadequate and inappropriate for that position.

23.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, except admit that in October 2006 the Bank selected a qualified individual, male, fifty-three (53) years of age, and African-American, to fill the vacated Assistant Branch Manager position.

24.  Deny the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.  Deny the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.  Deny the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.  Deny the truth of the allegations set forth in Paragraph 27 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding other employees who either were female or over 40 years of age.

28.  Deny the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.  Deny the truth of the allegations set forth in Paragraph 28 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
## AGE DISCRIMINATION
## ADEA

30. Repeat and reallege their responses to paragraphs "1" through "29" of the Complaint as if fully set forth herein.

31. The allegations set forth in Paragraph 31 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that the Bank was and is an "employer" under the ADEA.

32. The allegations set forth in Paragraph 32 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that Plaintiff was an "employee" under the ADEA.

33. Deny the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the truth of the allegations set forth in Paragraph 37 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
## AGE DISCRIMINATION
## NEW YORK EXECUTIVE LAW
## (NEW YORK STATE HUMAN RIGHTS LAW)

38. Repeat and reallege their responses to paragraphs "1" through "37" of the Complaint as if fully set forth herein.

39. The allegations set forth in Paragraph 39 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of

the allegations set forth therein, except admit that the Bank was and is an "employer" under the New York State Human Rights Law.

40. The allegations set forth in Paragraph 40 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that Plaintiff was an "employee" under the New York State Human Rights Law.

41. Deny the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Deny the truth of the allegations set forth in Paragraph 42 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
### AGE DISCRIMINATION
### NEW YORK CITY ADMINISTRATIVE CODE
### (NEW YORK CITY HUMAN RIGHTS LAW)

43. Repeat and reallege their responses to paragraphs "1" through "42" of the Complaint as if fully set forth herein.

44. The allegations set forth in Paragraph 44 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that the Bank was and is an "employer" under the New York City Human Rights Law.

45. The allegations set forth in Paragraph 45 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that Plaintiff was a "person" under the New York City Human Rights Law.

46. Deny the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. Deny the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Deny the truth of the allegations set forth in Paragraph 48 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
### SEX DISCRIMINATION
### (TITLE VII)

49. Repeat and reallege their responses to paragraphs "1" through "48" of the Complaint as if fully set forth herein.

50. The allegations set forth in Paragraph 50 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that Plaintiff was an "employee" under Title VII.

51. The allegations set forth in Paragraph 51 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that the Bank was and is an "employer" under Title VII.

52. Deny the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Deny the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Deny the truth of the allegations set forth in Paragraph 54 of the Complaint.

55. Deny the truth of the allegations set forth in Paragraph 55 of the Complaint.

### AS TO THE FIFTH CAUSE OF ACTION
### SEX DISCRIMINATION
### NEW YORK STATE HUMAN RIGHTS LAW

56. Repeat and reallege their responses to paragraphs "1" through "55" of the Complaint as if fully set forth herein.

57. The allegations set forth in Paragraph 50 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of

the allegations set forth therein, except admit that Plaintiff was an "employee" under the New York State Human Rights Law.

58. The allegations set forth in Paragraph 51 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that the Bank was and is an "employer" under the New York State Human Rights Law.

59. Deny the truth of the allegations set forth in Paragraph 59 of the Complaint.

60. Deny the truth of the allegations set forth in Paragraph 60 of the Complaint.

### AS TO THE SIXTH CAUSE OF ACTION
### GENDER DISCRIMINATION
### NEW YORK CITY ADMINISTRATIVE CODE
### (NEW YORK CITY HUMAN RIGHTS LAW)

61. Repeat and reallege their responses to paragraphs "1" through "60" of the Complaint as if fully set forth herein.

62. The allegations set forth in Paragraph 62 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that Plaintiff was a "person" under the New York City Human Rights Law.

63. The allegations set forth in Paragraph 63 of the Complaint constitute a conclusion of law, as to which no response is required. To the extent a response is required, deny the truth of the allegations set forth therein, except admit that the Bank was and is an "employer" under the New York City Human Rights Law.

64. Deny the truth of the allegations set forth in Paragraph 64 of the Complaint.

65. Deny the truth of the allegations set forth in Paragraph 65 of the Complaint.

66. Deny the truth of the allegations set forth in Paragraph 66 of the Complaint.

67. Deny the truth of the allegations set forth in Paragraph 67 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION
## VIOLATION OF ERISA
### Violation of Employee Retirement Income Security Act of 1974
### 29 U.S.C. 1001, et seq.
### (Claim for Benefits, Discrimination and Breach of Fiduciary Duty under ERISA)

68. Repeat and reallege their responses to paragraphs "1" through "67" of the Complaint as if fully set forth herein.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, except admit that Plaintiff alleges that she brings this claim against the Bank and/or JPMC in its capacity as plan administrator and/or fiduciary and deny that the Bank and/or JPMC is the severance plan administrator and/or fiduciary.

70. Deny the truth of the truth of the allegations set forth in Paragraph 70 of the Complaint, except admit that JPMC sponsors a severance pay plan for eligible employees of it and its subsidiaries and affiliates, and aver that the allegations that the severance pay plan is covered by ERISA constitutes a conclusion of law, as to which no response is required.

71. Deny the truth of the allegations set forth in Paragraph 71 of the Complaint, except admit that JPMC has a written severance pay plan.

72. Deny the truth of the allegations set forth in Paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74. Deny the truth of the allegations set forth in Paragraph 74 of the Complaint.

75. Deny the truth of the allegations set forth in Paragraph 75 of the Complaint.

76. Deny the truth of the allegations set forth in Paragraph 76 of the Complaint.

77. Deny the truth of the allegations set forth in Paragraph 77 of the Complaint.

78. Deny the truth of the allegations set forth in Paragraph 78 of the Complaint.

79. Deny the truth of the allegations set forth in Paragraph 79 of the Complaint.

80. Deny the truth of the allegations set forth in Paragraph 80 of the Complaint.

81. Deny the truth of the allegations set forth in Paragraph 81 of the Complaint.

82. Deny the truth of the allegations set forth in Paragraph 82 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert that they bear the burden of proof only on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendants set forth their defenses and affirmative defenses to Plaintiff's claims as follows:

### AS AND FOR A FIRST DEFENSE

JPMorgan Chase & Co. is not the proper defendant in an action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 2001 et seq.

### AS AND FOR A SECOND DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

### AS AND FOR A THIRD DEFENSE

All or part of the Complaint is barred by Plaintiff's failure to exhaust her administrative remedies, and/or by Plaintiff's failure to satisfy the judicial prerequisites and/or conditions precedent to filing an action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 2001 et seq.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, and/or conditions precedent to asserting any or all of such claims.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the appropriate statutes of limitations.

## AS AND FOR AN SIXTH DEFENSE

Plaintiff's age and gender discrimination claims and retaliation claims are barred, in whole or in part, by the fact that any and all actions taken by Defendants with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's age and gender or to any protected activity in which she may have engaged, and were without any discriminatory or retaliatory animus or in violation of any rights under any anti-discrimination or anti-retaliation law.

## AS AND FOR A SEVENTH DEFENSE

At all times relevant hereto, Defendants acted in good faith, in full compliance with and not in violation of any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

## AS AND FOR A EIGHTH DEFENSE

Plaintiff's claims are barred by Plaintiff's own actions.

## AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver or estoppel.

## AS AND FOR A TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### AS AND FOR A ELEVENTH DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that she has failed to mitigate her damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A TWELFTH DEFENSE

All or part of the damages sought by Plaintiff are not available under the federal, or state laws upon which this Complaint is based.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendants did not act maliciously or with reckless indifference toward Plaintiff.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury on the issue of reinstatement and/or front pay.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims that she was subjected to a hostile work environment on account of her age and gender, and any protected activity in which he may have engaged, are barred and/or any recovery of damages are precluded because Defendants exercised reasonable care to prevent and correct promptly any alleged hostile work environment.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims that she was subjected to a hostile work environment on account of her age and gender or any protected activity in which she may have engaged, are barred and/or any recovery of damages are precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

**WHEREFORE**, Defendants respectfully pray that the Court:

    (a)    Enter judgment dismissing the Complaint in its entirety;

    (b)    Deny the demands and requests for relief contained in the Complaint;

    (c)    Award Defendants their reasonable attorneys' fees, costs and disbursements;

and

    (d)    Grant such other and further relief as the Court may deem just and proper.

Dated: May 19, 2008

                                    JPMORGAN CHASE LEGAL AND
                                    COMPLIANCE DEPARTMENT

                                    By: _____
                                           Frederic L. Lieberman, Esq.
                                    Attorneys for Defendant
                                    One Chase Manhattan Plaza, 26th Floor
                                    New York, New York 10081
                                    (212) 552-1815
                                    frederic.l.lieberman@jpmchase.com

To:    Brian McCaffrey, Esq.
        Leffler Marcus & McCaffrey LLC
        200 Madison Avenue
        Suite 1901
        New York, New York 10016
        (212) 489-8775

        Attorneys for Plaintiff